UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE | CHAPTER 11 |
| CAMBRIAN HOLDING COMPANY, INC. ET AL.[1] | CASE NO. 19-51200 (GRS) |
| DEBTORS | JOINTLY ADMINISTERED |

**ORDER**

American Resources Corporation filed a Motion for Declaration of Rights Regarding the Assumption and Assignment of the Hazard Coal Company Lease. [ECF No. 1466.] Hazard Coal Company responded. [ECF No. 1490.] The relief requested is already in the record, but the papers filed and the arguments on January 21, 2021, indicate an additional order is beneficial.

The requested relief relates to an earlier dispute involving the Lease Agreement dated December 1, 1981, by and between Hazard Coal, as lessor, and Whitaker Coal Corporation, as lessee (the "Lease"). Perry County Coal, LLC, one of the Debtors, held the lessee interest when the bankruptcy cases were filed. The Memorandum Opinion and Order entered January 3, 2020, in this case [ECF No. 940] and in *Hazard Coal Corp. v. American Resources Corp.*, Adv. No. 19-5023 [Adv. ECF No. 37], provides a detailed discussion of relevant facts (the "January 3 Order").

The January 3 Order (i) confirms the Debtor's assumption of the Lease and assignment to American Resources Corporation; (ii) recognizes the transfer was authorized by the Order

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

approving the sale of substantially all the Debtors' assets entered on September 25, 2019 [ECF No. 534 (the "Sale Order")]; and (iii) ruled that Hazard Coal could not collaterally attack the assumption and assignment by arguing the Lease was terminated prepetition.

If there was any doubt, the following statement in a subsequent Order entered January 17, 2020, directly stated that is what occurred:

> The Debtors assumed and assigned a coal mining lease with Hazard Coal Corporation to American Resources Corporation ("ARC") pursuant to the Sale Order entered on September 25, 2019. [ECF No. 534.] The transfer is more fully described in the Memorandum Opinion and Order entered on January 3, 2020. [ECF No. 940.]

[ECF No. 1020.]

The record also confirms American Resources Corporation paid Hazard Coal the cure amount to compensate for any pre-assumption defaults. [ECF No. 940 at 7-8; *see also* Adv. No. 19-5023, Adv. ECF Nos. 24, 27, 28.] Payment of the cure costs ended any dispute over pre-assumption defaults. *See* 11 U.S.C. § 365(b). *See also* [ECF No. 534 at ¶¶ D & 26 (notice and obligation to object), ¶ K (adequate assurance of future performance), ¶ 23 (only payment of the cure amount is required to maintain lease), ¶ 25 ("All defaults or other obligations shall be deemed cured by the Buyers' payment or other satisfaction of the cure amounts … ."), ¶¶ 27 & 28 (bar to subsequent objections)]; *In re Cellnet Data Sys., Inc.*, 313 B.R. 604, 608 (Bankr. D. Del. 2004) (approval of assumption confirms no uncured defaults exist).

Two other issues require comment. Hazard Coal argues that it was invited by this Court to take the assumption and assignment issue to the state court. That is an inaccurate portrayal of an exchange at a hearing on January 16, 2020. [ECF Nos. 974 and 1005 (at 42:05-53:36).] Hazard Coal requested an order directing American Resources Corporation to act. [*Id.*] The relief was not granted because it was a "state law lease dispute" between non-debtor parties. [ECF No. 1020.] Hazard Coal was not invited, directed, or otherwise told to re-litigate the

2

assumption and assignment question in any other forum because it was already decided in this Court.

Hazard Coal also revisits its arguments regarding the changes made to the form assignment attached to the Sale Order and the executed assignment [ECF No. 856]. The January 3 Order already determined that the alteration did not affect the assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing the transfer. [ECF No. 940 and Adv. ECF No. 37 at pp. 12-16.]

It is ordered that the record stands. This order does not alter the earlier decisions; it is entered to assist the parties' understanding of prior orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (a bankruptcy court has jurisdiction to explain its orders); *Harper v. Oversight Committee (In re Conco, Inc.)*, 855 F.3d 703, 711 (6th Cir. 2017) (same).

3

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, January 22, 2021**
(grs)