**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| **HAZARD COAL CORPORATION,** | **CIVIL ACTION NO. 5:21-40-KKC** |
| Appellant, | |
| v. | **OPINION AND ORDER** |
| **CAMBRIAN COAL LLC, ET AL.,** | |
| Appellees. | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Appellant Hazard Coal Corporation's ("Hazard Coal") motion for a rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. (DE 28.) For the following reasons, the Court denies the motion.

**I.    Background**

The record in this case is voluminous and exceedingly complicated. Accordingly, the Court will only discuss those facts salient to the instant motion and expressly incorporates the facts as set forth in the Court's September 9, 2022 Opinion and Order (the "September 9th Opinion"). (DE 26.)

This action is an appeal from a Chapter 11 bankruptcy proceeding involving nineteen related coal companies. *In re Cambrian Holding Company, Inc.*, No. 19-51200-GRS (Bankr. E.D. Ky. June 16, 2019) (hereinafter *Bankruptcy Proceeding*). Two of those companies are Appellees Perry County Coal, LLC ("Perry County Coal") and its parent company, Cambrian Holding Company, Inc. ("Cambrian"). (*See* DE 1.) Specifically, Hazard Coal appeals the Bankruptcy Court's January 22, 2021 Declarations Order. (*Id.*) Therefore, as the September

1

9th Opinion found, only the content of that Declarations Order is properly before the Court. (DE 26 at 1.)

At some point, Perry County Coal obtained a lease allowing it to mine and transport coal on Hazard County's property in exchange for fees (the "Lease"). (*Bankruptcy Proceeding*, ECF No. 940 at 2.) Perry County Coal listed Hazard Coal as one of its creditors on its list of contracts and unexpired leases included in the bankruptcy estate. (*In re Perry County Coal LLC*, No. 19-51217-GRS (Bankr. E.D. Ky. June 16, 2019), ECF No. 22 at 139.) Immediately before the companies filed bankruptcy, Hazard Coal claimed that it terminated the Lease because of a fee dispute. (*Hazard Coal Corporation v. American Resources Corporation*, No. 19-05023-GRS (Bankr. E.D. Ky. October 21, 2019), ECF No. 1-3 at 2.) On September 25, 2019, the Bankruptcy Court approved the proposed sale of the Debtor's assets, which included the assumption and the assignment of the Lease to Appellee American Resources Corporation ("ARC"). (*Bankruptcy Proceeding*, ECF No. 534 (the "Sale Order").) The asset sale was consummated on September 28, 2019. (*Id.*, ECF No. 554.)

Thereafter, Hazard Coal pursued two collateral attacks. First, Hazard Coal filed a motion for the Bankruptcy Court to reconsider the Sale Order. (*Id.*, ECF No. 595.) In the motion, Hazard Coal argued that the Lease was terminated before the initiation of the bankruptcy proceeding, and therefore, the Lease was not part of the bankruptcy estate. (*Id.* at 4-6.) Because the Lease was not part of the bankruptcy estate, the Lease could not be properly assigned to ARC. (*Id.*)

In its supplemental response in support of the motion to reconsider, Hazard Coal additionally claimed that ARC was not qualified to bid on the assets that included the Lease because it was not in compliance with the bidding procedures established by the Bankruptcy Court. (*Id.*, ECF No. 810 at 11, 17-20.) Those procedures required a bidder to show that it

2

was not "permit blocked" at the time of bidding and would not be "permit blocked" at the time assets were transferred. (*Id.*, ECF No. 339 at 20.) However, according to Hazard Coal, ARC was permit blocked at the time of bidding, and the purchase agreement that the Bankruptcy Court approved represented that it was <u>not</u> permit blocked. (*Id.*, ECF No. 514-1 at 19.) After the Bankruptcy Court approved the assignment via the Sale Order, the purchase agreement was revised to remove the language stating that ARC was not permit blocked. (*Id.*, ECF No. 856-1 at 18.) The transfer of the Lease to ARC was executed through this "Revised Assignment." (*Id.*, ECF No. 856.)

On January 3, 2020, the Bankruptcy Court entered an order denying Hazard Coal's motion to reconsider and rejecting Hazard Coal's arguments (the "Reconsideration Order"). (*Id.*, ECF No. 940.) The Bankruptcy Court held that Hazard Coal's argument that the Lease was terminated pre-petition was barred by *res judicata* because it failed to timely object to the Sale Order. (*Id.* at 11-12.) The Bankruptcy Court also held that Hazard Coal did not fulfill the requirements necessary to warrant reconsideration of the Sale Order and specifically found that the purported newly discovered evidence of ARC's permit blocked status did not meet that standard. (*Id.* at 12-16.) Accordingly, the Bankruptcy Court concluded that "Hazard Coal may not collaterally attack the Sale Order with an argument that the Lease was not property of the estate." (*Id.* at 16.)

Despite this directive, Hazard Coal launched its second collateral attack by filing an action against ARC and Perry County Resources in state court, which was eventually removed to federal court (the "Federal Action"). *Hazard Coal Corporation v. American Resources Corporation and Perry County Resources LLC*, Civil Action No. 6:20-cv-010-CHB-HAI (E.D. Ky. Jan. 17, 2020), ECF No. 1. In the Federal Action, Hazard Coal seeks to

terminate the Lease due to ARC's failure to pay its annual minimum royalty payment. (*See id.*, ECF No. 15.)

Due to Hazard Coal's continuous collateral attacks, ARC filed a motion for a declaration of rights regarding the Lease in the Bankruptcy Court. (*Bankruptcy Proceeding*, ECF No. 1466.) The motion requested "an Order clearly setting forth and affirming its earlier findings that the [Lease] was properly assumed by the Debtors and properly assigned to ARC." (*Id.* at 2-3.) On January 22, 2021, the Bankruptcy Court entered such an order, which is the subject of this appeal (the "Declarations Order"). (*Id.*, ECF No. 1499.)

The Declarations Order stated, "The relief requested is already in the record, but . . . an additional order is beneficial." (*Id.* at 1.) The Declarations Order also clarified, "This order **does not alter earlier decisions**; it is entered to assist the parties' understanding of prior orders." (*Id.* at 3 (emphasis added).) The Bankruptcy Court then explained that the Bankruptcy Court's prior Reconsideration Order does the following:

> (i) confirms the Debtor's assumption of the Lease and assignment to American Resources Corporation; (ii) recognizes the transfer was authorized by the [Sale] Order approving the sale of substantially all the Debtors' assets entered on September 25, 2019 . . . ; and (iii) rule[s] that Hazard Coal [cannot] collaterally attack the assumption and assignment by arguing the Lease was terminated prepetition.

(*Id.* at 1-2.) As is relevant here, the Bankruptcy Court noted:

> Hazard Coal also revisits its arguments regarding the changes made to the form assignment attached to the Sale Order and the executed assignment . . . The [Reconsideration Order] already determined that the alteration did not affect the assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing the transfer.

(*Id.* at 3.) Hazard Coal subsequently appealed the Declarations Order to this Court, raising a multitude of errors that allegedly occurred in the bankruptcy proceeding. (*See* DE 1.)

On September 9, 2022, this Court entered an Opinion and Order affirming the Bankruptcy Court and dismissing the appeal. (DE 26.) Notably, the Court explained that it

4

was "reviewing *only* whether the Bankruptcy Court's interpretation of its prior rulings, as set forth in the Declarations Order, was a clear abuse of its discretion" because "Hazard Coal has appealed only the Bankruptcy Court's Declarations Order, which was issued with the express purpose of clarifying the Bankruptcy Court's prior rulings." (*Id.* at 10 (emphasis in original).) Since "Hazard Coal did not appeal the Sale Order, the Reconsideration Order, or any other order of the Bankruptcy Court," the Court also found it lacked jurisdiction to "review the findings of fact and conclusions of law made in those orders." (*Id.* at 11.) Limiting its consideration only to the objections that Hazard Coal raised regarding the Declarations Order, the Court examined whether the Declarations Order (1) erroneously concluded that Hazard Coal is precluded from arguing that the Lease was terminated pre-petition and (2) erroneously stated that the Reconsideration Order "already determined" that in executing the Lease, the use of the Revised Assignment did not affect the assumption and assignment of the Lease to ARC. (*Id.* at 14-15.) The Court held that the Bankruptcy Court did not abuse its discretion in articulating its interpretation of its prior rulings in the Declarations Order. (*Id.* at 15-16.)

Yet again unsatisfied with an unfavorable ruling, Hazard Coal moves for a rehearing of its appeal. (DE 28.)

**II.   Analysis**

A motion for a rehearing under Federal Rule of Bankruptcy Procedure 8022 "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). The purpose of a motion for a rehearing is "not to allow the movant to reargue [the] case." *In re Soundview Elite Ltd.*, Bankruptcy No. 13-13098 (REG), No. 14-CV-7666 (JPO), 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015) (citation and quotation marks omitted). Instead, "[t]he sole purpose of rehearing is to direct the court's attention to

5

a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Id.* (citation and quotation marks omitted).

Rather than appealing the decision, Hazard Coal elected to seek reconsideration of the Court's September 9th Opinion. In doing so, Hazard Coal attempts to improperly reargue its case in front of this Court, while raising errors having little effect on the ultimate result of the September 9th Opinion.

Hazard Coal's grounds for a rehearing are as follows: (1) the Opinion erroneously stated that "Hazard Coal seeks, *inter alia*, a declaration that the Lease was terminated pre-petition and thus was not validly assigned to ARC" in the Federal Action; (2) the Opinion erroneously stated that Hazard Coal's characterization of a stay in the Federal Action was "misleading;" and (3) the Opinion erred in its description of the requirements necessary to approve the Revised Assignment. (DE 28 at 3-14.) The Court will address each alleged error in turn.

As the Court found in its September 9th Opinion and as it continues to find, Hazard Coal appeals only the Declarations Order, and therefore, the Declarations Order is the only proper subject of this appeal. The first two alleged errors have nothing to do with the content of the Declarations Order and relate exclusively to the entirely separate Federal Action. The Court included those statements solely as context. Because these statements have little impact on the Court's review of the Declarations Order, any errors would not bring about "a different result." *In re Soundview Elite Ltd.*, 2015 WL 1642986, at *1. Therefore, these alleged errors do not justify a rehearing.

The third alleged error relates to this statement in the Declarations Order: "The [Reconsideration Order] already determined that the alteration did not affect the assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing

6

the transfer." (*Bankruptcy Proceeding*, ECF No. 1499 at 3.) According to Hazard Coal, the issue on appeal is whether the Declarations Order made a new finding, rather than interpreted its prior rulings, by stating that the assignment was approved in the Reconsideration Order. (DE 28 at 3.) Hazard Coal argues that "[n]owhere in the [September 9th] Opinion was there a citation to any filing, holding, finding or statement in the Bankruptcy Proceeding prior to the Declarations Order where the [Revised] Assignment was approved by Order after notice and a hearing, or where the new terms/agreement were found to be immaterial to the transaction." (*Id.* at 5.) In making this argument, Hazard Coal presumably relies on 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004, which require notice and a hearing before selling or leasing property of a bankruptcy estate. Hazard Coal also references the Sale Order, which provides that "[a]ny material modification . . . to the respective APAs that has an adverse effect on the Debtors and their estates must be approved by order of the Bankruptcy Court following a motion on notice to all interested parties." (*Bankruptcy Proceeding*, ECF No. 534 at 20-21 ¶ 30.) Hazard Coal specifically takes issue with this Court's conclusion that "The Declarations Order Does Not State That the Reconsideration Order Adjudicated Whether the Alteration of the Assignment Invalidates Transfer of the Lease to ARC." (DE 28 at 5 (citing DE 26 at 15).)

      This alleged error fails on multiple grounds. For one, Hazard Coal is simply rearguing an objection that it already raised in its initial brief on appeal. (DE 15 at 35-37.) This is improper on a motion for rehearing. *In re Soundview Elite Ltd.*, 2015 WL 1642986, at *1. But instead of filing an appeal with the Sixth Circuit—the proper forum for pursuing the relief that Hazard Coal seeks—Hazard Coal further prolonged litigation and moved for a rehearing in this Court. The Court cannot grant Hazard Coal's motion on this ground.

      Moreover, this Court did not err when it found that the "The Declarations Order Does Not State That the Reconsideration Order Adjudicated Whether the Alteration of the

7

Assignment Invalidates Transfer of the Lease to ARC." Contrary to Hazard Coal's characterization otherwise, the Declarations Order <u>never</u> stated that the Reconsideration Order approved the Revised Assignment. Instead, the Declarations Order stated, "The [Reconsideration Order] already determined that the alteration **did not affect** the assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing the transfer." (*Bankruptcy Proceeding*, ECF No. 1499 at 3 (emphasis added).) This statement accurately summarizes the findings of the Reconsideration Order. Hazard Coal asked the Bankruptcy Court to reconsider the Sale Order, based, in part, on the "new" evidence of the Revised Assignment. (*Bankruptcy Proceeding*, ECF No. 940 at 2.) As the Reconsideration Order found, Hazard Coal did not make the threshold showing necessary for the Bankruptcy Court to even reconsider the Sale Order, including reconsideration of the Sale Order in light of the Revised Assignment. (*Id.* at 12-16.) That is, the Bankruptcy Court could not even adjudicate the merits of whether the Revised Assignment invalidated the transfer of the lease to ARC because Hazard Coal did not act fast enough for that Court to consider the alteration. Therefore, as the Declarations Order appropriately found, the Reconsideration Order found that "the alteration did not affect the assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing the transfer" because the Bankruptcy Court *could not even consider* the alteration, not because that Court found that the Revised Assignment was "approved." Since the Reconsideration Order effectively held that Hazard Coal could not challenge the Sale Order based on the Revised Assignment at that point, the Revised Assignment could not disturb the presumed validity of ARC's assumption and assignment of the Lease or the conclusion that Hazard Coal was estopped from disputing the transfer of the Lease. The Declarations Order was therefore consistent with the holdings in the Reconsideration Order.

8

To reiterate, the Declarations Order never stated that the Reconsideration Order "approved" the Revised Assignment. In indicating otherwise, Hazard Coal inserts language into the Declarations Order that does not exist and misconstrues the nature of that Order. Nor did this Court speak on the requirements necessary to approve the Revised Assignment in its September 9th Opinion. As this Court found then and continues to find, the Declarations Order never made any statements finding that the Reconsideration Order adjudicated the validity of the lease transfer to ARC in light of the Revised Assignment.

Because Hazard Coal has not identified a plausible basis for rehearing its appeal, the Court must deny its motion.

### III. Conclusion

The Court hereby ORDERS that Appellant Hazard Coal Corporation's motion for a rehearing (DE 28) is DENIED.

This 9th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY